CLD-195                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1402
_____

UNITED STATES OF AMERICA

v.

SHAWN GILBERT,
                                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:18-cr-00095-001)
District Judge:  Honorable Gerald J. Pappert
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 10, 2021

Before: RESTREPO, MATEY and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 14, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Federal prisoner Shawn Gilbert appeals pro se from the District Court's decision denying his motion for compassionate release filed under 18 U.S.C. § 3582(c)(1)(A). The Government has moved to summarily affirm. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.[1]

I.

In 2019, the District Court sentenced Gilbert to 144 months in prison after he pleaded guilty to possession with intent to distribute controlled substances and possession of a firearm in furtherance of a drug trafficking crime. In December 2020, he filed in the District Court a pro se motion for compassionate release.[2] That motion, as later supplemented by an attorney retained by Gilbert, alleged that Gilbert's medical conditions put him at an increased risk of developing a serious illness were he to contract the COVID-19 virus.

The Government opposed Gilbert's motion. Thereafter, on February 10, 2021, the District Court denied the motion, concluding that a balancing of the applicable 18 U.S.C. § 3553(a) factors did not support granting him compassionate release. In support of this conclusion, the District Court highlighted Gilbert's 11 prior convictions, pointed to the fact that he had served less than half of his current sentence, and stated that he remained a

---

[1] We also grant the Government's motion to be excused from filing a brief.

[2] Gilbert had first sought compassionate release from the warden of his prison. The warden denied that request in September 2020.

danger to the community.  (See Dist. Ct. Mem. 4-5 (citing 18 U.S.C. § 3553(a)(2)(A), (C)).)  This timely appeal followed.[3]

II.

A federal prisoner is not entitled to compassionate release unless the district court determines, inter alia, that a balancing of the applicable § 3553(a) factors weighs in favor of granting that relief.  See 18 U.S.C. § 3582(c)(1)(A); United States v. Pawlowski, 967 F.3d 327, 329-30 (3d Cir. 2020).  When, as here, a district court determines that a balancing of those factors warrants denying a motion for compassionate release, we review that determination for abuse of discretion.  See Pawlowski, 967 F.3d at 330.  Under this deferential standard, "we will not disturb the District Court's decision unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."  Id. (alteration in original) (internal quotation marks omitted).

In this appeal, Gilbert does not argue, let alone show, that the District Court committed a clear error of judgment in concluding that a balancing of the applicable § 3553(a) factors weighed in favor of denying his motion.  Instead, he contends that the District Court impermissibly relied on U.S.S.G. § 1B1.13.  But that contention is meritless.  Assuming for the sake of argument that section 1B1.13 is inapplicable to Gilbert's motion — we need not decide that issue — the District Court's opinion made

---

[3] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

3

clear that it was denying Gilbert's motion based on a balancing of the § 3553(a) factors, not an application of section 1B1.13.  (See Dist. Ct. Mem. 1, 4-5.)

Because this appeal does not present a substantial question, we grant the Government's motion to summarily affirm, and we will summarily affirm the District Court's February 10, 2021 judgment.  See 3d Cir. I.O.P. 10.6.